

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-254-CR**

GLEN SMITH NEELY, JR.                                          APPELLANT
A/K/A GLEN NEELY SMITH, JR.

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Glen Smith Neely, Jr. a/k/a Glen Neely Smith, Jr. appeals his conviction for aggravated robbery with a deadly weapon. In a single issue, Neely argues that the trial court erred by accepting his guilty plea, which he claims he entered involuntarily. We will affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

On January 8, 2007, Neely entered an open plea of guilty to the charge of aggravated robbery with a deadly weapon. He also signed written plea admonishments, a judicial confession admitting guilt, and a written waiver—joined by his attorney—waiving his right to a jury trial, waiving all rights given to him by law pursuant to code of criminal procedure article 1.14, and requesting preparation of a presentence investigation report.

At the punishment hearing on July 5, 2007, Neely testified that Denison and Tipp, two men purporting to be friends of his ex-girlfriend, approached him at a car wash and asked if he would take them to visit Monte Ferrell's residence to sell some pills. Ferrell's son testified that his father, who was seventy-two years old, often helped others by lending them money and that he regularly carried at least several hundred dollars in cash on him. Neely knew Ferrell because Ferrell had lent money to Neely's ex-girlfriend on a number of occasions in the past.

Neeley drove Denison and Tipp to Ferrell's apartment, walked with them to the front door, and knocked on the door. Ferrell answered the door just after Neely had returned to his car, and Neely observed Denison and Tipp "r[u]n up in the house." Neely testified that he thought something bad was going to happen at that point. He recounted that he wanted to leave, but "Tipp . . . acted like he had something under his jacket" or "he had his hand in his pocket

2

like he had something and I was thinking it was a gun." Neely left Ferrell's residence with Denison and Tipp, and Denison gave Neely a cocaine rock and ten dollars aftewards.

Ferrell suffered a depressed skull fracture with a subdural hematoma, a broken scapula, and lacerations as a result of his encounter with Denison and Tipp. Ferrell's son opined that it looked like they had kicked his father—who is now in a wheelchair and requires significant care—in the head, and police thought between $1,000 and $2,500 had been taken from Ferrell. The trial court questioned Neely about the facts surrounding his involvement in the incident, and Neely testified in part that his only intention was for he, Denison, and Tipp to sell Ferrell pills, that he did not knowingly participate in Ferrell's robbery, and that he did not know that Denison and Tipp were going to rob Ferrell. Despite Neely's testimony that he "couldn't believe what happened," he further testified that he had never sold Ferrell pills before and that he had spoken with others about robbing Ferrell at some point before the incident, and he agreed that he "had some idea what might be going down by taking [Denison and Tipp] over there." Neely never sought to withdraw his guilty plea, through a motion to withdraw or otherwise. The trial court found Neely guilty, made an affirmative deadly weapon finding, and sentenced Neely to twenty-five years' confinement.

3

Neely argues in his only issue that his guilty plea was involuntary and that the trial court erred by accepting it because he lacked the necessary intent to support his conviction; because his credibility, which the trial court had questioned at the punishment hearing, is irrelevant to a determination of the intelligent and voluntary nature of a guilty plea; and because he denied "both knowledge of a plan to rob Mr. Ferrell and intent." He thus contends that "[t]he fact that he consistently denied any prior knowledge or intent while consistently acknowledging his guilty plea demonstrates his failure to understand that lack of a culpable mental state would result in acquittal and that his conduct did not constitute the charged offense."

The court of criminal appeals has considered the issue of a trial court's responsibility to withdraw a defendant's plea of guilty in light of evidence that is inconsistent with the plea, reasoning as follows:

> As we have said, a defendant's decision to plead guilty entails the waiver of some important, constitutional rights. . . . It is fitting that trial courts have a duty to implement those rights, which shield each defendant at the outset of every criminal proceeding. But after a court has fulfilled those duties and a defendant has made a valid waiver of those rights, it is appropriate that the defendant be required to take some affirmative action to don the armor again. The number of cases in which defendants want to "unwaive" their right to plead not guilty is small, the appearance of evidence that is inconsistent with guilt is unpredictable, the significance of such evidence should be more apparent to the defense than to the trial court, and cases are common in which there is some evidence in the defendant's favor but the defendant . . . had validly chosen to

4

plead guilty after weighing the advantage of such a plea against the chance of acquittal.

> In this case the appellant . . . wavie[d] his right to a plea of not guilty. . . . His attention was specifically called to the inconsistency between his plea of guilty and his testimony about lack of intent or knowledge. . . . The appellant did not ask to withdraw his plea. If it had been in his interest to do so, he would have known it.

> It is reasonable to put on such a defendant the requirement of timely seeking, in one way or another, to withdraw the plea of guilty. The appellant not having done so, he may not complain for the first time on appeal that the trial court did not do it for him.

*Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Accordingly, although a defendant has the right to withdraw his guilty plea in a timely fashion, the trial court has no duty to sua sponte withdraw the plea in the absence of such a request. *Id*.; *Martinez v. State*, No. 02-04-00019-CR, 2004 WL 1798091, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem op.) (not designated for publication).

Here, Neely pleaded guilty to the alleged offense, signed written plea admonishments and a judicial confession admitting guilt, and waived all rights given to him by law pursuant to code of criminal procedure article 1.14. He had the right to timely withdraw his guilty plea or attempt to withdraw his guilty plea after the trial court took the case under advisement or pronounced

judgment.[2]  But at no point during the proceeding below did Neely ask to withdraw his plea, even in light of numerous questions propounded by the trial court upon him inquiring into the circumstances surrounding the offense, which essentially called his attention to the alleged inconsistency between his plea of guilty and his testimony about lack of knowledge or intent.  In fact, Neely expressly indicated his desire that the case go forward on his plea of guilty and that he would object to the trial court returning the case to a jury for trial.  The following exchange occurred:

> The Court: And you were specifically asking me to go forward, proceed with the sentencing on the entire record and not return this case for trial; is that an accurate statement?
>
> [Neely]: Yes.
>
> [Defense counsel]: Yes, Your Honor.
>
> The Court: In fact, you object to me returning it to a jury for trial if I wanted to do that; is that still your position?
>
> [Defense counsel]: Your Honor, he's indicated he just wished to go forward.

---

[2] *See Gonzalez v. State*, No. 02-07-00241-CR, 2008 WL 755514, at *1 (Tex. App.—Fort Worth Mar. 20, 2008, no pet. h.) (mem op.) (not designated for publication) (stating that defendant may withdraw guilty plea as a matter of right without assigning reason at any time before judgment has been pronounced or the case has been taken under advisement, but that the withdrawal of the plea is within the sound discretion of the trial court if defendant decides to withdraw guilty plea after the trial court takes the case under advisement or pronounces judgment).

6

. . . .

The Court: Knowing everything you know about the law, the facts and everything that happened and discussing that in private with your attorney and listening to everything that's been said today and the questions and everything else, as you sit there today, you still persist in your guilty plea because you believe yourself to be legally responsible as an accomplice to the actions of the other two gentlemen that you've described here today; is that correct?

[Neely]: That's correct.

Because Neely did not ask to withdraw his guilty plea in one way or another, he may not complain for the first time on appeal that the trial court erred by accepting his alleged involuntary plea. *See Mendez*, 138 S.W.3d at 350. Consequently, Neely has forfeited his complaint on appeal. *See id*.; *Emmett v. State,* Nos. 05-06-01098-CR, 05-06-01099-CR, 05-06-01100-CR, 05-06-01101-CR, 05-06-01102-CR, 2007 WL 1366044, at *2 (Tex. App.—Dallas May 9, 2007, no pet.) (not designated for publication); *Martinez*, 2004 WL 1798091, at *2; *see also Alrdrich v. State*, 104 S.W.3d 890, 894–96 (Tex. Crim. App. 2003) (holding that, when defendant has waived jury trial and pleaded guilty, trial court has no duty to conduct special proceeding inquiring into voluntary nature of plea when evidence inconsistent with guilt is introduced).

We overrule Neely's sole issue and affirm the trial court's judgment.

DIXON W. HOLMAN
JUSTICE

PANEL B:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 1, 2008